IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAZMIN J.[1] o/b/o J.R., a minor child, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:20-cv-00505 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jazmin J., on behalf of J.R., a minor child, brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 19, 21), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On October 27, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 25.) Plaintiff filed objections on November 10, 2021. (Dkt. No. 26.) The Commissioner responded to the objections on November 19, 2021. (Dkt. No. 27.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–8.) Briefly, the Administrative Law Judge (ALJ) found that J.R. suffered from the severe impairments of attention deficit hyperactivity disorder (ADHD), conduct disorder, asthma, and allergies. (Tr. 16.) Under the three-step sequential evaluation process for determining whether a minor is disabled, the ALJ found that J.R.'s severe impairments or combination of impairments did not meet or medically equal the severity of a listed impairment. The ALJ considered listings 112.11 (neurodevelopmental disorders), 112.08 (personality and impulse control disorders), and 103.03 (asthma). (Tr. 16–17.) The ALJ also considered the paragraph B criteria, under which there must be one extreme or two marked limitations in the following areas of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The ALJ found that J.R. has a marked limitation in the ability to interact with others, but no marked or extreme limitations in any of the other areas of functioning. (Tr. 24–31.) Thus, the ALJ concluded that J.R. was not disabled.

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no

2

disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Further, objections must respond to a specific error in the report and recommendation.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver.  *Id.*  Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object.  *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010).  As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already

considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Objections to the R&R**

In her summary judgment brief, plaintiff argued that the ALJ erred in concluding that J.R. has less than marked limitations in the domain of attending and completing tasks and erred in his assessment of J.R.'s subjection allegations of disability. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 24–28, Dkt. No. 20.) In many if not most respects, plaintiff's objections are a restatement of her summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge. The court will, however, address the following objections.

Regarding the attending and completing tasks domain, plaintiff argues that the ALJ and the R&R minimized and downplayed significant evidence from J.R.'s schoolteachers. Plaintiff concedes that Cindy Deck, J.R.'s middle school algebra and geometry teacher, completed a questionnaire indicating that J.R. has no problems in attending and completing tasks. However,

4

plaintiff argues that the ALJ ignored Ms. Deck's statements that J.R. has an anger problem, can be rude to her and the other students in class, feels entitled to interrupt class, and that J.R. wants what he wants. (Tr. 316.) These issues are encompassed by the interacting and relating with others domain, and, as the ALJ found, J.R. has marked limitations in that domain.

Plaintiff also objects to the ALJ giving only "some weight" to the statements of J.R.'s Spanish teachers who found that he has problems with attending and completing tasks. Plaintiff fails to explain why this evidence should be given controlling weight over the other substantial evidence in the record supporting the ALJ's finding of less than marked limitations.

Finally, plaintiff objects to the ALJ's reasoning that J.R. performed well in school and medication for ADHD was beneficial. Plaintiff argues that J.R. only performed well because of substantial extra assistance from his teachers, and many teachers noted behavioral problems. Even so, as the ALJ wrote, J.R.'s mother "typically noted his behavior had improved and teacher[]s had also commented on the improvement, and the claimant denied any difficulty in school or otherwise." (Tr. 27.) This is substantial evidence to support the ALJ's finding in the attending and completing tasks domain. Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

### III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 25) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 26) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 21) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 19) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 14, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge